UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEHINDE S. AFOLAYAN,

                    Plaintiff,

         v.                                          Case No. 24-cv-1287-pp

MILWAUKEE COUNTY SHERIFFS OFFICE CRIMINAL
JUSTICE FACILITY OFFICERS,

                    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DEEMING FILING FEE
PAID IN FULL AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Kehinde S. Afolayan, who is confined at the Mendota Mental

Health Institute and is representing himself, filed a complaint under 42 U.S.C.

§1983, alleging that officers at the Milwaukee County Sheriff's Office Criminal

Justice Facility violated his constitutional rights. This decision resolves the

plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no.

2, and screens his complaint, dkt. no. 1. It also addresses the plaintiff's letter

requesting additional compensatory damages, dkt. no. 8.

I.      **Motion for Leave to Proceed without Prepaying the Filing Fee
        (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the

plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case

without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 19, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $32.69. Dkt. No. 6. The court received the full $350 filing fee from the plaintiff on December 3, 2024. Because the plaintiff did not *pre*-pay the filing fee, and because the information in his motion shows that he is indigent, court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Because the court has received the entire $350 filing fee (because the court has determined that the plaintiff is indigent, he is not required to pay the additional $55 administrative fee), the court deems the plaintiff to have paid the filing fee in full.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d

2

714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    <u>The Plaintiff's Allegations</u>

The plaintiff alleges that on January 11, 2019, he was booked into the Milwaukee County Criminal Justice Facility (now known as the Milwaukee County Community Reintegration Center) following his arrest "for an index

3

offense that resulted from a psychotic episode[.]" Dkt. No. 1 at 4. During the

booking process, officers allegedly placed the plaintiff in a restraint chair due to

the high level of psychological breakdown, then forced him to submit his

"biometrics data[.]" Id. The plaintiff states that two or more officers "took turns

grabbing [his] hands using unnecessary and excessive force in order to stretch

[his] arms toward the biometrics equipment for the purpose of capturing [his]

fingerprints, which then led to the [plaintiff] sustaining severe cuts or wounds

in [his] underarms from the tighten[ed] straps of the restraint chair." Id. The

plaintiff states that the injuries and lifelong scars in his underarms "have

caused [him] lots of physical, mental and emotional pain and sufferings such

as anxiety, constant fear of having new injuries, indefinite inability to use [his]

arms or hands comfortably, discomfort from wearing armless apparels in

public to hide[his] underarm scars, low self-esteem and confidence, depression

and physical pains." Id.

The plaintiff states that he seeks damages from Milwaukee County for

the wrongful acts of the officers on duty from January 11, 2019 to January 30,

2019, who employed the use of unnecessary and excessive force during his jail

booking process, and reasonable financial compensation for his injuries and

permanent scars. Id.

C.    Analysis

The court assumes the plaintiff was a pretrial detainee during the events

described in the complaint. The Fourteenth Amendment applies to excessive

force claims brought by pre-conviction detainees and the standard is solely

4

objective. <u>Hardeman v. Curran</u>, 933 F.3d 816, 822 (7th Cir. 2019) (quoting

<u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee

must show only that the force purposely or knowingly used against him was

objectively unreasonable." <u>Kingsley</u>, 576 U.S. at 396-97. The plaintiff's

allegations implicate his rights under the Fourteenth Amendment for excessive

use of force.

Because the plaintiff does not know the names of the defendants he is

suing, the court will add Milwaukee County Sheriff Denita R. Ball as a

defendant for the limited purpose of helping the plaintiff identify the names of

the defendants. <u>See</u> <u>Donald v. Cook Cnty. Sheriff's Dep't</u>, 95 F.3d 548, 556 (7th

Cir. 1996). Sheriff Ball is not required to respond to the complaint. After Sheriff

Ball's attorney files a notice of appearance, the plaintiff may serve discovery on

Sheriff Ball (by mailing it to her attorney at the address in his notice of

appearance) to get information that will help him identify the names of the

defendants.

For example, the plaintiff may serve interrogatories (written questions)

under Federal Rule of Civil Procedure 33 or document requests under Federal

Rule of Civil Procedure 34. Because the plaintiff has not stated a claim against

Sheriff Ball, his discovery requests must be limited to information or

documents that will help him learn the real names of the defendants he is

suing. The plaintiff may not ask Sheriff Ball about any other topic, and Sheriff

Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. The court will dismiss Sheriff Ball as a defendant once the plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for the parties to exchange discovery. At that point, the plaintiff may use discovery to obtain the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Ball's attorney appearing. If he does not, or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

## III. Plaintiff's Letter Regarding Filing Fee (Dkt. No. 8)

On April 10, 2025, the court received from the plaintiff a letter asking to add the $350 filing fee to his complaint request for $100,000.00 in compensatory damages. Dkt. No. 8. The plaintiff also asks the court to require the defendant to refund the $350 filing fee regardless of the outcome of the case. Id. He says that he was not informed that he would be required to pay the full filing fee and that he has limited financial resources. Id.

The plaintiff need not amend his request for relief to seek an additional $350 in compensatory damages. If this case proceeds to a trial, the plaintiff may argue that he should be awarded compensatory damages in an amount that includes an additional $350. Contrary to the plaintiff's assertion that he

6

was not informed he would have to pay the full filing fee, the court's order assessing the plaintiff an initial partial filing fee advised him that he must pay the full filing fee, even if he did not have enough money to pay the full fee when he filed the complaint. Dkt. No. 6 at 1; see also 28 U.S.C. §1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). The court does not have the authority to order the defendants to refund the plaintiff the full filing fee regardless of the outcome of the case.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff's filing fee is **DEEMED** paid in full.

The court **ORDERS** the Clerk of Court to add Milwaukee County Sheriff Denita Ball to the docket as a defendant for the limited purpose of helping the plaintiff identify the defendants' names.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Ball.

The court **ORDERS** that Sheriff Ball does not have to respond to the complaint; however, she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing an appearance in this case**. If within sixty days of Sheriff Ball's notice of appearance the plaintiff does not either identify the defendants' names or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court also advises the plaintiff

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 14th day of May, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

9