UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEHINDE S. AFOLAYAN,

                    Plaintiff,

     v.                                              Case No. 24-cv-1287-pp

CPT. JOSHUA BRIGGS, *et al.*,

                    Defendants.

---

### ORDER DISMISSING DEFENDANT JOSHUA MIKULECKY AND DENYING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 22)

---

Plaintiff Kehinde S. Afolayan, who is confined at the Mendota Mental Health Institute and is representing himself, filed this case under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on excessive force claims against unknown Milwaukee County Criminal Justice Facility officers involved in the events described in the complaint. Dkt. No. 9 at 5. The plaintiff subsequently identified the unknown defendants and on July 23, 2025, the court ordered that Captain Joshua Briggs, Lieutenant Michael Stevens, Officer Gregory Walker, Officer Daniel Carroll, Officer Joshua Mikulecky, Officer Fausto Gonzalez, Officer Charles Braden, Officer Riley Cornog and Officer Andrew Hynst be substituted for the Doe defendants. Dkt. No. 17 at 1-2. On August 13, 2025, Milwaukee County accepted service on behalf of all those defendants except Joshua Mikulecky.[1] Dkt. No. 19. The

---

[1] Milwaukee County did not accept service on behalf of Joshua Mikulecky because he is deceased. Dkt. No. 19 at 1. The defendants did not say when Mikulecky died, but an online obituary states that he passed on December 24,

1

defendants have filed a motion to dismiss. Dkt. No. 22. This order addresses that motion.

In support of their motion to dismiss, the defendants contend that the facts alleged in the complaint demonstrate that the statute of limitations bars the plaintiff's claims. Dkt. No. 23 at 2. Specifically, they assert that the events described in the complaint occurred between January 11, 2019 and January 30, 2019, and that the plaintiff did not file this case until October 8, 2024, outside the three-year statute of limitation. Id. at 3.

The plaintiff filed a response in which he asserts that "[f]rom the time [he] committed [his] index offense on January 11, 2019 to December 2022, [he] was still recovering from [his] psychosis (hallucination, delusion, and manic depression) which was evident during [his] booking into the Milwaukee County Jail that led to the police misconduct or brutality." Dkt. No. 26 at 1. The plaintiff states that when he arrived in Wisconsin in October 2018, he did not have prior knowledge of the "laws and statutes" and that he committed his offense on January 11, 2019, due to psychosis. Id. at 2. The plaintiff says that before he committed his offense, he was a law-abiding citizen in Nigeria, and he

---

2021. https://www.draeger-langendorf.com/obituaries/joshua-r-mikulecky/. The court takes judicial notice of Mikulecky's date of death, as reflected in the obituary. See Federal Rule of Evidence 201(b) (court may take judicial notice of a fact that can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned); Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) (judicial notice of public records). Because Mikulecky died before this lawsuit began, he never was a proper defendant, so substitution under Federal Rule of Civil Procedure 25(a) would be inappropriate. See Earl v. Briggs, No. 23-cv-1679-pp, 2024 WL 2134274, at *1 (E.D. Wis. May 13, 2024) The court will dismiss Mikulecky as a defendant.

became "a justice-impacted resident in the United States due to mental health issues." Id. The plaintiff states that from 2019 to 2022, he was placed at Mendota Mental Health Institute where he lacked basic resources. Id. He says that when his American peers at Mendota informed him about his legal right to file a lawsuit against Milwaukee County for his underarm injuries, he tried reaching out to a few civil rights attorneys and law firms. Id. The plaintiff asserts that he exhausted his administrative remedies "within three months to one year[.]" Id. at 3. The defendants did not file a reply.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Rule 12(b)(6) requires a plaintiff to clear two hurdles. First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of that claim and the grounds on which it rests. EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). Second, the allegations in the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court." Id. at 776 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). Although a complaint need not anticipate affirmative defenses like the statute of limitations, dismissal for untimeliness is proper when the plaintiff's allegations

3

establish that the statute of limitations bars recovery. <u>Milchtein v. Milwaukee County</u>, 42 F.4th 814, 822 (7th Cir. 2022); <u>see also</u> <u>Holander v. Brown</u>, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

The statute of limitation for lawsuits brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." <u>Huber v. Anderson</u>, 909 F.3d 201, 207 (7th Cir. 2018) (citing <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007)). The limitation period for §1983 cases arising in Wisconsin for causes of action accruing on or after April 5, 2018 is the three-year limitation period mandated by Wis. Stat. §893.54 (2018). <u>Id.</u> Federal law determines that the accrual date of a cause of action occurs when "the plaintiff has a 'complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" <u>Id.</u> (quoting <u>Wallace</u>, 549 U.S. at 388). A §1983 claim accrues when the plaintiff knows or should have known that his constitutional rights have been violated. <u>Kelly v. City of Chicago</u>, 4 F.3d 509, 511 (7th Cir. 1993).

The plaintiff's response to the defendants' motion to dismiss states two reasons why the limitation period may have been tolled for his §1983 claims: exhaustion of administrative remedies and mental illness. The limitation period is tolled while an incarcerated individual completes the administrative grievance process. <u>Gomez v. Randle</u>, 680 F.3d 859, 864 (7th Cir 2012) (citing <u>Walker v. Sheahan</u>, 526 F.3d 973, 978 (7th Cir. 2008)). The plaintiff states that he exhausted his administrative remedies "within three months to one year for a fair justice and compensation of damages." Dkt. No. 26 at 3. It is not clear if

4

that means that it took him three months to a year to complete the exhaustion process. If it does, the limitation period was tolled for at least three months and up to a year, depending on how long it took the plaintiff to exhaust his administrative remedies.

Regarding mental illness, Wisconsin state law allows for tolling the statute of limitation up to five years if the plaintiff was "mentally ill" when the injury accrued and continues to be mentally ill. See Wis. Stat. § 893.16(1). "A plaintiff is 'mentally ill' for purposes of the Wisconsin tolling provision if he is or was 'functionally unable to understand or appreciate the situation giving rise to the legal claim' or 'functionally unable to understand legal rights and appreciate the need to assert them.'" Lewis v. Stenz, 637 F. App'x 943, 944 (7th Cir. 2016) (quoting Storm v. Legion Ins. Co., 265 Wis. 2d 169, 201-02 (Wis. 2003)); see also Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996) ("mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (citations and emphasis omitted).

The plaintiff states that from the day he committed his offense on January 11, 2019 until December 2022, he was experiencing or recovering from psychoses (hallucination, delusion and manic depression). The plaintiff was confined at Mendota Mental Health Institute when he filed the complaint, and he remains there. If the plaintiff was mentally ill until December 2022, then his claims accrued on or after that date. The plaintiff filed this case on October 8, 2024, and he identified the Doe defendants on July 15, 2025. Both

5

of those dates are well within the three-year limitation period (without counting any tolling while the plaintiff exhausted his administrative remedies).

The tolling provisions applicable to the plaintiff's claims preclude the court from dismissing this case on statute of limitation grounds. The court will deny the defendants' motion to dismiss.

The court **DENIES** the defendants' motion to dismiss. Dkt. No. 22.

The court **DISMISSES** defendant Joshua Mikulecky.

The court **ORDERS** that the defendants file a responsive pleading to the complaint by the end of the day on **June 30, 2026**.

Dated in Milwaukee, Wisconsin this 9th day of June, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6